**MINUTE ENTRY**
**ROBY, M. J.**
**October 25, 2007**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL T. MORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-02787** |
| **MICHAEL S. ZERLIN, ET AL.** | **SECTION: "T" (4)** |

## ORDER

Before the Court is a **Motion for Review of Court's Denial of Motion to Reconsider Plaintiff's Forma Pauperis Status (R. Doc. 110)**, filed by the Defendant, Craig Webre ("Defendant Webre"), seeking an order from this Court vacating the Court's **Order (R. Doc. 106)**. In the Order, the Court denied his previous **Motion to Reconsider Plaintiff's Forma Pauperis Status (R. Doc. 74)** for his failure to appear for oral argument on the motion. In opposition, the Plaintiff filed a **Memorandum in Opposition to Defendant Craig Webre's Motion for Review of Court's Denial of Motion to Reconsider Plaintiff's Forma Pauperis Status (R. Doc. 117)**.

The motion was heard by oral argument on October 24, 2007. On the day and time of the hearing, Daniel T. Morris appeared *pro se*; Michael S. Zerlin ("Defendant Zerlin") appeared for

MJSTAR:  00:02

himself; and Donald F. Harang, Jr. appeared on behalf of Defendant Webre, the Sheriff of Lafourche Parish, Louisiana.

**I.     Background**

The Plaintiff filed this action against the Defendants, alleging that Defendant Zerlin failed to provide adequate representation as his attorney in a previous civil action he filed against Margaret Wren ("Wren"). (R. Doc. 1.) Accordingly, the Plaintiff claims that Defendant Zerlin committed attorney malpractice. (R. Doc. 1.) In his complaint, the Plaintiff also alleges that Defendant Webre adversely interfered with the Plaintiff's lawsuit, in association with Defendant Zerlin. (R. Doc. 1.)

On September 10, 2007, Donald F. Harang, Jr. ("Harang"), counsel for Defendant Webre, filed a **Motion to Reconsider Plaintiff's Forma Pauperis Status (R. Doc. 74)**. The motion was set for hearing on October 3, 2007 at 11:00 a.m. The Plaintiff responded in a **Memorandum re In Forma Pauperis Status (R. Doc. 87)**. On October 1, 2007, the Court set Defendant Webre's motion for oral argument before the undersigned magistrate judge. The notice of electronic filing indicates that the **Order (R. Doc. 101)** setting the motion for oral argument was entered and filed at 11:43 a.m. (R. Doc. 101.) On the day and time of the hearing, the Plaintiff appeared *pro se* and Defendant Zerlin appeared on his own behalf. However, neither Harang nor Defendant Webre appeared for the hearing.

Harang asserts that he checked his email at approximately 3:30 p.m. on October 3, 2007, the day of the hearing. (R. Doc. 110.) At that time, he learned from an email notice that his motion was heard earlier that afternoon.

Harang contends that he did not receive reasonable notice of oral argument. He thus moves for the Court to reconsider and vacate its previous **Order (R. Doc. 106)** denying the Plaintiff's

motion. He further requests that the Court reset his **Motion to Reconsider Plaintiff's Forma Pauperis Status (R. Doc. 74)** for hearing. In opposition, the Plaintiff asserts that Harang received electronic notice of the hearing on October 1, 2007, but did not take any action to continue the hearing. Furthermore, the Plaintiff stresses that both he and Defendant Zerlin appeared at the hearing.

**II.     Standard of Review**

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985). However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id*. Here, Defendant Webre filed his motion for reconsideration within ten days of the Court's Order, and thus his motion is properly considered under Rule 59(e).

Courts in this District employ Rule 59(e) when ruling on motions to reconsider non-dispositive pre-trial motions. *See Harveston v. Falcon Workover Co., Inc.*, No. 96-4172, 1998 WL 166209, (E.D.La. April 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e)); *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource,* No. 03-1496, 2004 WL 1488665 (E.D.La. June 30, 2004) (analyzing motion to reconsider this Court's conclusion about whether certain documents are privileged under the Rule 59(e) standard).

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that

should be used only sparingly and not to relitigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. *See Karim v. Finch Shipping Co.*, 111 F.Supp.2d 783, 784 (E.D.La. 2000). A court may entertain a motion for reconsideration if the moving party demonstrates 1) that the motion is necessary to correct a manifest error of fact or law, 2) newly discovered or previously unavailable evidence, 3) that the motion is necessary to prevent manifest injustice, or 4) that the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, No. 99-1586, 2000 WL 802865, at * 2 (E.D.La. May 26, 2000). The third element is only the element that could be applicable to the facts here.

### III.   Analysis

Defendant Webre argues that he did not receive reasonable notice that his motion was set for oral argument. His counsel, Harang asserts that he was out of the office on October 1 and 2, 2007, attending to depositions and an inspection of a home for a homeowner's claim arising from Hurricane Katrina. He maintains that he did not return to his office until the morning of October 3, 2007, where he then attended to other pressing matters, such as conducting telephone calls and reviewing and responding to incoming mail. Around 3:30 p.m., he checked his email and discovered that oral arguments on his motion were heard earlier that afternoon, at 11:00 a.m.

Although Defendant Webre cites to no law or rule directly on point that specifies the time frame for which an order must be served upon the parties, he cites to Rule 77(d) and Rule 6(d) to buttress his position. First, he cites Rule 77(d) for the proposition that "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, [through the methods] as provided in Rule 5(b), on each party who is not in default for failing to appear." Second, he cites Rule 6(d) for the rule that "[a] written motion other than one which may be heard ex parte, and notice of

4

hearing thereof shall be served not later than 5 days before the time specified for the hearing." Finally, he admits that consented to electronic service, and under Rule 5(b)(2)(D), "[s]ervice by electronic means is complete on transmission."

In opposition, the Plaintiff counterargues that Harang acknowledges that he was electronically notified that the motion was scheduled oral argument on October 1, 2007. Furthermore, he asserts that Harang did not allege that he was an subjected to unforeseen emergency or illness that justified his absence. Finally, he maintains that all other parties in the case, including himself and Defendant Zerlin were present for the oral hearing on October 3, 2007.

Here, Harang concedes that he consented to electronic service and was served when the email notice was transmitted on October 1, 2007 at 11:43 p.m. In consenting to electronic service, Harang undertook the responsibility to systematically and timely monitor his emails for the service of legal documents. *See* Comment to Fed. R. Civ. P. 5. The facts illustrate that he was effectively served on October 1, 2007 with notice of oral argument on his motion. Therefore, Harang's assertions that he was busy and unable to check his email for over 48 hours are of no relevance to this analysis.

Harang knew that his motion was set for hearing well in advance. Under Local Rule 7.2E, "[c]ounsel filing a motion shall, at the time of filing, notice it for hearing within a reasonable time thereafter." Harang reserved the hearing date for the motion on October 3, 2007 upon the filing of his motion on September 10, 2007. (R. Doc. 74.) Accordingly, there is no reason why he should not have anticipated that the motion would be set for oral argument. In fact, at the hearing on the motion, Harang was unable to recall a time when a pretrial motion before the undersigned magistrate judge in this case was not set for oral argument.

The notice the Court gave to the parties informing them that their hearing on the motion entailed oral argument was not unreasonable. The Court systematically sets motions for oral argument on the Monday before hearing to provide the non-moving party the opportunity to oppose the motion before deadlines the week before. *See* Local Rule 7.5E (providing any opposition memorandum is due eight days prior to the hearing). Accordingly, given the collective facts: 1) that Harang reserved October 3, 2007 as the hearing date for the motion, 2) that he received email notice of oral argument on October 1, 2007, and 3) that all other parties timely appeared at the hearing, the Court concludes that reasonable notice was provided to the parties.

Based on the standard discussed above, the moving party seeking reconsideration of a motion must show that reconsideration is necessary to prevent manifest injustice. *Gregg*, 2000 WL 802865, at * 2. Here, Harang and Defendant Webre have failed to make such a showing because Harang consented to electronic notice for Court filings, yet failed to check his email for more than 48 hours. As a result of his failure to timely check his email, he accidentally overlooked the Court's Order setting oral argument on his motion. This conduct is insufficient to constitute a manifest injustice. As indicated above, reconsideration of a prior order is an extraordinary remedy to be used sparingly. *Karim*, 111 F.Supp.2d at 784. The Defendant has not shown that such an extraordinary remedy is warranted here.

Furthermore, the Rules that Defendant Webre cites in his motion do not support his position for reconsideration. Rule 77(d) provides that the clerk must serve notice of the entry of an order immediately after it is entered. Here, there is no dispute that the parties were served with notice immediately after the Order was entered. In addition, Rule 6(d) provides that notice of hearing of a written motion shall be served no later than five days before the hearing, unless a different period

is fixed by the court.  There is also no dispute that notice of hearing was served on the parties more than five days in advance when Defendant Webre filed and served his motion and the associated notice of hearing.  Furthermore, the Rule specifically indicates that the Court may fix a different period for providing notice of an upcoming hearing.

In light of the above considerations, the Court concludes that Defendant Webre failed to show that reconsideration of his motion is necessary to prevent a manifest injustice.  All of the other parties timely appeared for oral arguments on the motion and Harang received notice of the oral arguments roughly 48 hours beforehand.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant Webre's **Motion for Review of Court's Denial of Motion to Reconsider Plaintiff's Forma Pauperis Status (R. Doc. 110)** is **DENIED**.

New Orleans, Louisiana, this  25th  day of October 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**