MINUTE ENTRY
ROBY, M. J.
October 26, 2007

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL T. MORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-02787** |
| **MICHAEL S. ZERLIN, ET AL.** | **SECTION: "T" (4)** |

### ORDER

Before the Court is a **Motion (1) to Compel Defendant Webre's Reasonable Response to the Rule 26(a)(1) Disclosure Order; (2) to Strike an Affidavit Containing Unlawfully Gathered Evidence from the Record; (3) to Impose Sanctions Against Webre and His Counsel for Contumaceously Defying the Magistrate's September 5, 2007 Instructions (R. Doc. 102)**. In opposition, the Defendant, Craig Webre ("Defendant Webre") filed **Defendant Craig Webre's Memorandum in Opposition to Pro-Se Plaintiff's "Motion (1) to Compel Defendant Webre's Reasonable Response to the Rule 26(a)(1) Disclosure Order; (2) to Strike an Affidavit Containing Unlawfully Gather Evidence from the Record; (3) to Impose Sanctions Against Webre and His Counsel for Contumaciously Defying the Magistrate's September 5, 2007**

MJSTAR: 00:08

**Instructions (R. Doc. 111)**.  The Plaintiff subsequently filed a **Supplemental Memorandum in Support of Plaintiff's Pending Motion (1) to Compel Defendant Webre's Reasonable Response to the Court's 9/5/07 Rule 26(a)(1) Disclosure Order; (2) to Strike an Affidavit Containing Unlawfully Gather Evidence from the Record; and (3) to Impose Sanctions Against Webre and his Counsel for Contumaceously Defying the Magistrate's September 5, 2007 Instructions (R. Doc. )**.

The motion was heard by oral argument on October 24, 2007.  On the day and time of the hearing, Daniel T. Morris appeared *pro se*; Michael S. Zerlin ("Defendant Zerlin") appeared for himself; and  Donald F. Harang, Jr. appeared on behalf of Defendant Webre, the Sheriff of Lafourche Parish, Louisiana.

**I.	Background**

The Plaintiff filed this action against the Defendants, alleging that Defendant Zerlin failed to provide adequate representation as his attorney in a previous civil action he filed against Margaret Wren ("Wren").  (R. Doc. 1.)  Accordingly, the Plaintiff claims that Defendant Zerlin committed attorney malpractice.  (R. Doc. 1.)  In his complaint, the Plaintiff also alleges that Defendant Webre adversely interfered with the Plaintiff's lawsuit, in association with Defendant Zerlin.  (R. Doc. 1.)

On September 5, 2007, this Court held oral arguments on an **Expedited Motion to Compel Defendant Craig Webre's Compliance with Production Requests Under F.R.C.P. Rules 26(a)(1), 33, 34 and for Available Relief Under 28 U.S.C. § 1927 (R. Doc. 57)** filed by the Plaintiff against Defendant Webre.  During the hearing, this Court ordered the Defendants to exchange initial disclosures within ten days after the hearing.  The Court also struck all outstanding discovery and ruled that the parties could engage in discovery only after the parties first exchanged

initial disclosures.  Finally, the Court instructed the parties to behave cooperatively and civilly towards one another.

On September 15, 2007, Defendant Webre submitted his initial disclosures.  In the disclosures, he provided names and addresses and bulleted entries that listed the subject or falsity of various amended paragraphs of "the Petition" for each name identified.  (R. Doc. 102-4.)  He also identified documents that he would use to support his claims and defenses, indicated that he seeks attorney's fees and costs in defending the suit, and provided information on how to access the insurance agreement that may be used to satisfy a judgment in this case.  (R. Doc. 102-4.)

On September 10, 2007, Defendant Webre submitted an affidavit by Brian Dobson ("Dobson") to the Court.  (R. Doc. 74-4.)  In the affidavit, Dobson swore that he personally observed the Plaintiff on September 6, 2007, wearing the attire of a Wal-Mart employee and stocking merchandise in the frozen food section of the Wal-Mart Superstore in Thibodaux, Louisiana.  (R. Doc. 74-4, p. 1.)  Dobson also swore that based on information acquired from other Wal-Mart employees, he ascertained that the Plaintiff works from 10:00 p.m. to 7:00 a.m. or 3:00 a.m., and is off on Tuesdays and Wednesdays.  (R. Doc. 74-4, p. 2.) Dobson was not named in Defendant Webre's initial disclosures.

The Plaintiff notes that various denigrating statements were made about him on the internet forum run on the Thibodaux Daily Comet newspaper site.  The Plaintiff attributes the statements to Donald F. Harang, Jr. ("Harang"), counsel for Defendant Webre.  One statement posted on June 28, 2007, an author named "Don Harang" states that, "Taking the accusations of Morris as true may be an exercise in self-deceit. . . . [W]ill Morris stand alone in self-deceit. . . . will Morris accept the truth or will he wrap himself in the clothes of falsehood?"  (R. Doc., Ex. 1.)

The Plaintiff brings this subject motion requesting that the Court 1) compel Defendant Webre to produce responsive initial disclosures, 2) strike Dobson's affidavit from the record because he violated the Court's prohibition against conducting discovery before the exchange of initial disclosures by hiring Dobson as an investigator, and 3) sanction Defendant Webre and his counsel, Harang for attacking him in the news media.

In opposition, Defendant Webre asserts that the Plaintiff has not pointed to any inadequacies in his initial disclosures. Furthermore, he contends that he did not obtain Dobson's affidavit in violation of the Court's order because "[n]o such order exists" and he ultimately refrained from using discovery devices under the Federal Rules of Civil Procedure. Finally, Defendant Webre proclaims that the Plaintiff's allegations that Harang and Defendant Webre made any statements against him in the Thibodaux Daily Comet forums are erroneous and unsubstantiated.

**II.    Standard of Review**

Under Rule 26(a)(1)(A), a party must exchange initial disclosures with opposing counsel before discovery is commenced. Such initial disclosures must include information that would be used to support the disclosing party's claims or defenses, including the names and addresses of individuals with discoverable information, and copies of documents, electronic data, and other tangible things in the disclosing party's possession, custody, or control. Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). The initial disclosures must also include a computation of damages and provide any insurance agreement that may satisfy any part of a possible judgment or to indemnify or reimburse payments made to satisfy the judgment. Fed. R. Civ. P. 26(a)(1)(A)(iii)-(iv).

Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Under Rule 26(a)(1)(E), "[a] party must make its initial

disclosures based on the information then reasonably available to it." The Rule further indicates that "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E).

**III.   Analysis**

The Plaintiff contends that Defendant Webre's initial disclosures do not provide him with information relating to Defendant Webre's defense against the Plaintiff's claim. He also maintains that Defendant Webre has excluded information from his initial disclosures, including the name and address of Dobson and the affidavit made by Dobson. Furthermore, the Plaintiff asserts that Defendant Webre engaged in discovery after the Court's explicit ruling on September 5, 2007 prohibiting the parties from participating in discovery until after they had exchanged initial disclosures. Defendant Webre's discovery included the taking of Dobson's affidavit on September 6, 2007. The Plaintiff also contends that Dobson, observed and investigated him in a harassing manner and obtained information regarding the Plaintiff that could only have been obtained through personnel files and not mere observation. Therefore, the Plaintiff requests that the Court strike the affidavit from the record. Finally, the Plaintiff seeks sanctions against Defendant Webre and Harang for inciting and initiating the spread of damaging information regarding the Plaintiff on the Thibodaux Daily Comet forums.

Defendant Webre first counterargues that the Plaintiff has pointed to no deficiencies in his initial disclosures. He maintains that his initial disclosures are sufficient and therefore, he should not be compelled to reproduce initial disclosures for the Plaintiff. Second, he contends that the Court has issued no order prohibiting the parties from conducting discovery for ten days after

September 5, 2007. Defendant Webre indicates that he did not conduct discovery using any of discovery devices under the Rules, therefore, he did not violate any Court mandate by obtaining Dobson's affidavit before the parties exchanged initial disclosures.

Finally, Defendant Webre argues that the Plaintiff claims are uncorroborated by any evidence. Although the Plaintiff alleges that Dobson could have only obtained information about his work with Wal-Mart by "accessing the time personnel records of Wal[-]Mart," (R. Doc. 102-2, p. 2), Defendant Webre maintains that there is no evidence that Dobson "accessed or hacked into Wal-Mart's employee records without permission." (R. Doc. 111, p. 3.) Furthermore, the Plaintiff accuses Harang of calling him a "sewer" in the Thibodaux Daily Comet, but Defendant Webre denies his allegation and contends that there is no support for this position because the Plaintiff's bases his allegations on comments from an internet forum where parties are allowed to submit comments anonymously or under false screen names.

### A.   **Defendant Webre's Initial Disclosures**

Here, upon examination of Defendant Webre's initial disclosures, the Court concludes that they are not deficient and do not amount to a failure to disclose. In compliance with the Rules, Defendant Webre lists the names and addresses of various individuals with discoverable information. Furthermore, he also describes various documents, many of which have been generated by the Plaintiff, that he will use to support his claims or defenses. Defendant Webre also indicates that he will seek attorney's fees and other costs in defending the suit and provides the address for where any insurance policy may be found. While Defendant Webre does not provide any computation of damages or list documents upon which a computation would be based, the suit is ongoing and litigation costs are continuing to accrue, thus, the Court finds that his disclosure is

sufficient. Accordingly, Defendant Webre provided the Plaintiff with information required by Rule 26 in his initial disclosures.

The Court, however, recognizes that Defendant Webre's initial disclosures omitted any mention of Dobson and Dobson's affidavit. Therefore, Defendant Webre is ordered to supplement his initial disclosures to include information relating to Dobson and the information that Dobson collected. The Court notes that Defendant Webre runs the risk of having witnesses or information stricken at trial if he fails to disclose them in compliance with Rule 26. *See* Fed. R. Civ. P. 37(c)(1) (providing that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.").

**B.     The Affidavit**

Although the Court ruled on September 5, 2007 that the parties are not participate in discovery until they exchanged initial disclosures, the Court's ruling and Rule 26 do not require a party to completely halt the independent development of his or her case until the interchange of initial disclosures. Rather, Rule 26(d) is formulated to require parties to first confer with one another to implement a reasonable program or plan for discovery without the initial assistance of the court. *See* Comment to Fed. R. Civ. P. 26(f).

Here, Defendant Webre and his counsel acquired the affidavit one day after September 5, 2007, the day the Court mandated the parties to exchange initial disclosures within ten days. During the hearing on September 5, 2007, the Court expressly instructed the parties to first exchange initial disclosures before commencing discovery. Although Defendant Webre obtained the affidavit before he provided his initial disclosures to the Plaintiff, the Court concludes that the affidavit was not

taken in violation of its ruling. Defendant Webre was continuing to develop his case outside of the discovery between the parties and not requesting the production of discovery from the Plaintiff. The affidavit and Dobson's observation of the Plaintiff at Wal-Mart was a part of a routine investigation and not pretrial discovery. Accordingly, the affidavit was not taken in violation of Rule 26 or the Court's earlier order and therefore, need not be stricken here.

**C.    Sanctions**

The Court further concludes that the Plaintiff has not provided sufficient evidence to warrant the imposition of sanctions against Defendant Webre and his counsel Harang. On September 5, 2007, the Court instructed the parties to behave civilly in the matter. Thereafter, the Plaintiff alleges that Harang called the Plaintiff a "sewer" and accused him of "deceit" in violation of the Court's instructions, but provides no physical copy of Harang's alleged "sewer" statement with his motion.

The Plaintiff cites to the Louisiana Rule of Professional Conduct 3.6(a), which states that "[a] lawyer who is participating . . . in the . . . litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in this matter."

Here, the forum which contains the denigrating comments is open to the public and permits individuals to comment under false names and screen names. In fact, the Plaintiff concedes in his supplemental memorandum that "Harang and Webre may/may not now be doing the actual posting on the newspaper forums for this credibility attack." (R. Doc., Attach. A, p. 5.) Although the forum user, "Don Harang" disseminated his comments through public communication, his forum comments do not have a substantial likelihood of prejudicing the proceedings before the courts. It is not

8

uncommon for such forums to contain disparaging comments because such statements are made without repercussions. Such forums generally do not contain credible information because they are sounding boards or soap boxes open to anyone. Finally, although this Court does not condone the comment by "Don Harang," the Court notes that the comment was posted on June 28, 2007, prior to the Court's explicit instruction to the parties.

Accordingly, sanctions are not warranted because the Plaintiff does not produce any evidence that Harang or Defendant Webre made the negative statements against the Plaintiff in the Thibodeaux Daily Comet forums after its September 5, 2007 instructions. However, the Court firmly reiterates its instruction for the parties to behave civilly in this matter and warns the parties that such behavior will not be tolerated in proceedings before this Court.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that **Motion (1) to Compel Defendant Webre's Reasonable Response to the Rule 26(a)(1) Disclosure Order; (2) to Strike an Affidavit Containing Unlawfully Gathered Evidence from the Record; (3) to Impose Sanctions Against Webre and His Counsel for Contumaceously Defying the Magistrate's September 5, 2007 Instructions (R. Doc. 102)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Webre supplement his initial disclosures with information pertaining to Dobson.

New Orleans, Louisiana, this   29th   day of October 2007

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**