UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL T. MORRIS | CIVIL ACTION |
| VERSUS | NO:     07-02787 |
| MICHAEL P. ZERLIN, ET AL. | SECTION: "D" (4) |

## ORDER

Before the Court is a **Motion and Memorandum for Imposition of F.R.C.P. Rule 37 Sanctions (R. Doc. 90)**, filed by the Plaintiff, Daniel T. Morris ("Morris"). In opposition, the Defendant, Michael S. Zerlin ("Zerlin"), filed a Memorandum in Opposition to Motion for Imposition of F.R.C.P. Rule 37 Sanctions (R. Doc. 109). The motion was heard by oral argument on October 17, 2007.

**I.      Background**

Morris filed this subject action against the Defendants, Zerlin and Craig Webre ("Webre"), the Sheriff of Lafourche Parish, Louisiana. Morris alleges that Zerlin failed to provide adequate representation as his attorney in a previous civil action he filed against Margaret Wren ("Wren"), and therefore committed attorney malpractice. (R. Doc. 1.) Morris also alleges that Webre adversely interfered with Morris's lawsuit, in association with Zerlin. (R. Doc. 1.)

On May 12, 2007, Morris propounded Plaintiff's Second Requests for Production of

Documents and Answers to Interrogatories upon Zerlin. (R. Doc. 109-2, Ex. 1) In the discovery, Morris requested that Zerlin provide information regarding legal malpractice and general professional liability coverage that Zerlin maintained in the past twenty-four (24) months. (R. Doc. 109-2, p. 3.)

The parties subsequently engaged in a Federal Rule of Civil Procedure ("Rule") 26 Discovery Conference on August 6, 2007. (R. Doc. 90, p. 1; R. Doc. 109, p. 1.) Zerlin contends that Morris had earlier attempted to hold a discovery conference without Webre or Webre's counsel on July 27, 2007. (R. Doc. 109, p. 1.) Zerlin maintains that on both of the July 27 and August 6, 2007 meetings, he verbally informed Morris that he did not have any attorney malpractice insurance coverage. (R. Doc. 109, pp. 1-2.)

On September 5, 2007, this Court heard oral arguments on Morris's Expedited Motion to Compel Defendant Craig Webre's Compliance with Production Requests Under F.R.C.P. Rules 26(a)(1), 33, 34 and for Available Relief Under 28 U.S.C. § 1927 (R. Doc. 57). At that time, the undersigned magistrate judge ruled that the Defendants were to provide initial disclosures to Morris within ten (10) days of the date of the hearing. The undersigned magistrate judge also specified that initial disclosures were to be exchanged before the parties propounded formal discovery. The Court invalidated all outstanding discovery because the parties had not yet exchanged initial disclosures.

On September 14, 2007, in Defendant, Michael S. Zerlin's, Initial Disclosures (R. Doc. 109-6, Ex. 5, p. 1), Zerlin provided Morris with the following written response to Morris's interrogatory regarding malpractice insurance:

> **D. Any insurance agreement under which any person carrying on any insurance business may be liable to satisfy a part, or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made**

>**to satisfy the judgment**: Information responsive to this disclosure request is not available at this time. Defendant, Michael S. Zerlin, reserves the right to amend this response when coverage issues have been decided.

(R. Doc. 109-6, Ex. 5, p. 7.) At the hearing on the subject motion, Zerlin represented to the Court that he phrased his initial disclosure ambiguously because he was unsure whether his non-malpractice insurance covered any of Morris's claims.

Nevertheless, Zerlin asserted that he again informed Morris on the weekend of September 21 to 23, 2007 that he did not have malpractice insurance. (R. Doc. 109, p. 5.) On September 27, 2007, Morris informed Zerlin in a letter that he would not submit to a deposition because of Zerlin's "ongoing refusal to disclose . . . pertinent insurance coverages." (R. Doc. 109-5, Ex. 4, p. 1.)

Based on the bench ruling by this Court on September 5, 2007 and Zerlin's response, Morris now moves this Court to sanction Zerlin for failing to provide Morris with information about malpractice insurance coverage he may have. Specifically, Morris requests that the Court preclude Zerlin "from denying the plaintiff's pleaded allegations of his professional malpractice and negligence." (R. Doc. 90, p. 2.) In opposition, Zerlin maintains that he has provided Morris with the required initial disclosures and has told Morris on three previous occasions that he does not have any malpractice insurance.

## II. Standard of Review

Under Rule 37(a)(5)(A), if a disclosure "is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Rule however, provides that a court need not award reasonable expenses if (1) the movant filed the motion without first making a good faith effort to obtain the

3

disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

### III.    Analysis

Morris contends that Zerlin failed to disclose any malpractice insurance that may provide coverage for a judgment entered against him. He asserts that Zerlin was required to provide such information in his initial disclosures, but did not, in direct contravention of the Court's bench ruling on September 5, 2007. Accordingly, Morris requests that Zerlin be sanctioned for his failure to provide Morris with the requested insurance information. Specifically, Morris requests that Zerlin be precluded from denying his allegations of professional malpractice and negligence.

Zerlin counterargues that he verbally informed Morris on three occasions that he did not have any malpractice insurance. Zerlin maintains that he told Morris at the discovery conferences on July 27, 2007 and August 6, 2007, and again during a telephone conversation on September of 2007 of his lack of such insurance. Thus, Zerlin requests that Morris's motion be denied.

Under Rule 26(a)(1)(A)(iv), as a part of the initial disclosures, a party must provide "for inspection and copying . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Therefore, based on the language of Rule 26, Zerlin was required to provide the requested insurance information in his initial disclosures.

Although Zerlin purportedly informed Morris verbally on three separate instances that he did not possess malpractice insurance, he failed to reconcile his verbal assertions with the Court ordered initial disclosures that he provided to Morris. At hearing on the motion, Zerlin maintained that he

responded ambiguously because Morris's claims may be covered by non-malpractice insurance and Zerlin was in the process of investigating what other insurance policies may be applicable to Morris's claims. However, Zerlin possessed responsive information at the time of his initial disclosure but failed to provide the information to Morris in his initial disclosures. While Zerlin complied with providing Morris with his initial disclosures, he failed to correlate his written response with his verbal responses, and had he done so, the motion would be unnecessary. Therefore, the Court concludes that Morris is entitled to the reasonable expenses[1] incurred in making the motion under Rule 37.

However, the Court notes that while reasonable expenses are appropriate, Morris's requested sanctions are not warranted in this situation. In the subject motion, Morris requests that the Court sanction Zerlin by precluding him from denying his allegations of professional malpractice and negligence, for which any such insurance would have provided coverage. However, the Court concludes that an admission of liability, which is a sanction that is only awarded in the most egregious of circumstances, is not appropriate here. *See* Fed. R. Civ. P. 37.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion and Memorandum for Imposition of F.R.C.P. Rule 37 Sanctions (R. Doc. 90)** is **DENIED**.

**HOWEVER, IT IS ORDERED** that Zerlin provide a proper response to Morris's request for disclosures on any insurance coverage Zerlin may have, no later than fourteen (14) days from the

---

[1] At the hearing on the motion, Morris maintained before the Court that the only expenses that he incurred in filing and appearing for the subject motion were his mileage expenses.

signing of this Order.

**IT IS FURTHER ORDERED** that Morris is awarded his costs in bringing this motion. Morris must submit his costs, specifically the mileage traveled, to the Court and to Zerlin no later than fourteen (14) days from the signing of this Order.

New Orleans, Louisiana, this 26th day of February 2008

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**