UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DANIEL T. MORRIS              *        CIVIL ACTION

VERSUS                        *        NO: 07-2787

MICHAEL S. ZERLIN, ET AL      *        SECTION: "D"(4)

### ORDER AND REASONS

Before the court is the **"Motion for Review Under 28 U.S.C. §636(b)(1)(A) of Magistrate Karen Wells Roby's November 5, 2007 Ruling on Defendant Craig Webre's Non-Compliance with the Court's 9/24/07 Discovery Order"** filed by Plaintiff, Daniel T. Morris, who appears *pro se* in this matter.  Defendant, Craig Webre, filed a memorandum in opposition.  The motion, set for hearing on Wednesday, March 12, 2008, is before the court on briefs, without oral argument.

Having considered the memoranda of counsel, the record of this tortured litigation,[1] and the applicable law, the court finds that

---

[1] Suit was filed on May 8, 2007, and thus far some 275 documents have been filed into the record. Further adding to the procedural quagmire of this litigation are Plaintiff's filings Notices of Appeal with the Fifth Circuit, as well as his Petition for a Writ of Mandamus.  Although the Fifth Circuit has dismissed Plaintiff's appeals and denied mandamus relief, issues still have not been joined as Defendants have filed Motions to Dismiss for Lack of Subject Matter Jurisdiction.  These motions to dismiss have not been set for hearing because the court must first rule on Plaintiff's Motion that the court defer ruling on these motions until the conclusion of discovery.  Pursuant to this court's

the subject ruling (Doc. No. 162) issued by the Magistrate Judge on November 5, 2007, is neither "clearly erroneous [nor] contrary to law."  28 U.S.C. §636(b)(1)(A).  In that ruling, the Magistrate Judge denied the Plaintiff's **"Motion for Imposition of F.R.C.P. Rule 37 Sanctions [Against Defendant Webre]"** (Doc. No. 161),[2] because "[t]he plaintiff fail[ed] to comply with local rule 37.1 and confer ... in an effort to resolve the problem."  (*See* Doc. No. 162).[3]  Plaintiff's **"Motion for Imposition of F.R.C.P. Rule 37 Sanctions [Against Defendant Webre]"** (Doc. No. 161) indeed does not have a Rule 37.1E certificate.[4]

---

previous Order (Doc. No. 232), Plaintiff was instructed to file by Tuesday, March 11, 2008, a supplemental memorandum in support of his motion to defer ruling, setting forth with specificity the discovery he purportedly needs to respond to Defendants' Motions to Dismiss.  To date, Plaintiff has made no such filing.

[2] In his **"Motion for Imposition of F.R.C.P. Rule 37 Sanctions [Against Defendant Webre]"** (Doc. No. 161), Plaintiff argued that Defendant failed to comply with a previous order by the Magistrate Judge, granting Plaintiff's Motion to Compel and ordering Defendant to provide complete responses to Plaintiff's discovery requests within 15 days from the signing of the order.  (*See* Order, Doc. No. 97, entered on September 25, 2007).

[3] Local Rule 37.1E states:

> No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.  Counsel for moving party shall arrange the conference.  Any motion filed under this paragraph shall be noticed for hearing.  If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose the such sanctions as it deems proper.

[4] Although Plaintiff is *pro se*, he cannot plead ignorance of the Local Rules, because the Magistrate Judge also denied a discovery motion previously filed by Plaintiff for failure to comply with Local Rule 37.1 .  (*See* Order, Doc. No. 51).

The record also reflects that Plaintiff, in addition to filing the instant Motion for Review under 28 U.S.C. §636(b)(1)(A), filed a motion requesting the Magistrate Judge to reconsider her November 5, 2007 ruling. (*See* Plaintiff's Motion for Reconsideration, Doc. No. 169). The Magistrate Judge denied Plaintiff's Motion for Reconsideration and stated in part:

> Reconsideration ... is not *necessary* (1) to correct a manifest error or fact or (2) to prevent a manifest injustice because Morris may bring another, corrected discovery motion that is in compliance with the Local Rules. Local Rule 37.1E applies indiscriminately to all parties who bring discovery motions in the United States District Courts of the Eastern District of Louisiana. Morris cannot file a motion for reconsideration as [an] end-run to Local Rule 37.2E's requirement that parties must first confer with the opposing parties, in an effort to reach a resolution of the discovery dispute without Court involvement. In the subject motion, Morris does not attempt to remedy or even reference the deficiency in his earlier motion [for imposition of Rule 37 sanctions]. Morris' original motion remains deficient and therefore, the Court's ruling on his motion stands.

(*See* Order, Doc. No. 201, p. 4).

Accordingly;

---

Further, the record reflects that Plaintiff attached a Rule 37.1 Certificate to his Motion to Compel (Doc. No. 78), and he also attached a "Local Rule 37.1 Certificate" to the instant motion for review under 28 U.S.C. §636(b)(1)(A). However, neither of these certificates satisfy the requirement of a Local Rule 37.1E Certificate for his Motion for Rule 37 Sanctions (Doc. No. 161).

**IT IS ORDERED** that the Plaintiff's request to overrule and vacate the Magistrate Judge's ruling of November 5, 2008 (Doc. No. 162) and reconsider Plaintiff's Motion for Rule 37 sanctions (Doc. No. 161) be and are hereby **DENIED**, because the Magistrate Judge's ruling is neither "clearly erroneous [nor] contrary to law." 28 U.S.C. §636(b)(1)(A).

New Orleans, Louisiana, this **17th** day of **March, 2008**.

_____
A.J. MCNAMARA
UNITED STATES DISTRICT JUDGE